**FILED**

**NOT FOR PUBLICATION**

RECEIVED

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS
APR 10 2006

FOR THE NINTH CIRCUIT

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| | |
|---|---|
| WILFRED RAPHAEL,<br><br>      Plaintiff - Appellant,<br><br>v.<br><br>DONALD R. ROBERTS; et al.,<br><br>      Defendants,<br><br>and<br><br>DAVID H. HENDERSON,<br><br>      Defendant - Appellee. | No. 04-35454<br><br>D.C. No. CV-04-00035-A-JKS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, District Judge, Presiding

Submitted March 8, 2006**

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36-3.

\*\*   The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Before:     CANBY, BEEZER, and KOZINSKI, Circuit Judges.

Wilfred Raphael appeals pro se from the district court's judgment dismissing, for failure to state a claim, his civil rights action against his former attorney, a state court judge, and other defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *see Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005), and we may affirm on any ground supported by the record, *see Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). We affirm.

The district court properly determined that Raphael could not state a claim because Henderson was not a state actor and the judge was protected by judicial immunity. *See Simmons v. Sacramento County Sup. Ct*, 318 F.3d 1156, 1161 (9th Cir. 2003).

Because Raphael was not a prisoner at the time he filed his action, the district court should not have dismissed his action pursuant to 28 U.S.C. § 1915A. We nevertheless affirm because dismissal was proper pursuant to Fed. R. Civ. P. 12(b)(6). *See Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (holding that a district court may dismiss sua sponte pursuant to Federal Rule of Civil Procedure 12(b)(6) when the claimant cannot possibly win relief).

Raphael's remaining contentions lack merit.

**AFFIRMED.**

3

